# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### Lexington Division

| | | |
|---|---|---|
| Phyllis A. Dockies | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Experian Information Solutions, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     CT Corporation System | ) | |
|     306 West Main Street, Suite 512 | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Trans Union, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     The Prentice Hall Corp. System | ) | |
|     421 West Main Street | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Diversified Consultants, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Incorp Services, Inc. | ) | |
|     828 Lane Allen Road, Suite 219 | ) | |
|     Lexington, KY 40504 | ) | |
| | ) | |
| GTE Wireless, Inc. as a General Partner | ) | |
| of Verizon Wireless | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     CT Corporation System | ) | |
|     306 W Main Street, Suite 512 | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Southwest Credit Systems, L.P. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     CT Corporation System | ) | |
|     306 W. Main St., Suite 512 | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| | ) | |

| | |
|---|---|
| Synchrony Bank | ) |
|     *Defendant* | ) |
| Serve: | ) |
|     Synchrony Bank | ) |
|     170 West Election Road, Suite 125 | ) |
|     Draper, UT 84020 | ) |
| | ) |

## COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

1. This is a complaint for damages for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Woodford County, Ky., which is located within this District.

### PARTIES

3. Plaintiff Phyllis Dockies is a natural person who resides in Woodford County, Ky. Ms. Dockies is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4. Defendant Experian Information Solutions, Inc. is a foreign corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Experian has registered to do business with Kentucky Secretary of State. Experian is a "consumer reporting agency" within the meaning of the FCRA.

5. Defendant Trans Union, LLC is a foreign limited liability company with its principal place of business located at 555 West Adams, Chicago, IL 60661. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

6. Defendant Diversified Consultants, Inc. ("Diversified") is a foreign corporation with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, FL 32256. Diversified has registered to do business with Kentucky Secretary of State. Diversified is a furnisher of information and a user of consumer credit reports within the

meaning of the FCRA.

7. GTE Wireless, Inc., as general partner of Verizon Wireless ("Verizon"), is a Delaware corporation which has registered with the Kentucky Secretary of State. Verizon's principal place of business is located at One Verizon Way, P.O. Box 627, Basking Ridge, NJ 07920-1097. Verizon is a furnisher of information and a user of consumer credit reports within the meaning of the FCRA.

8. Southwest Credit Systems, L.P. ("Southwest") is a foreign limited partnership with its principal place of business located at 4120 International Parkway, Suite 1100, Carrollton, TX 75007. Southwest has registered to do business with Kentucky Secretary of State. Southwest is a furnisher of information and a user of consumer credit reports within the meaning of the FCRA.

9. Synchrony Bank ("Synchrony") is a federal savings association whose headquarters is located at 170 West Election Road, Suite 125, Draper, UT 84020. Synchrony is a furnisher of information and user of consumer credit reports within the meaning of the FCRA.

## STATEMENT OF FACTS

10. On January 11, 2013, Ms. Dockies filed for Chapter 7 Bankruptcy relief in the U.S. Bankruptcy Court for the Eastern District of Kentucky, Case No. 13-50063. The Bankruptcy Court converted her case to a Chapter 13 case on February 13, 2013.

11. On her petition, Ms. Dockies listed *inter alia* unsecured debts to CitiFinancial Services, LLC; FCNB c/o Deutsche Bank National Trust; GE Money Bank (now known as Synchrony Bank); and Verizon Wireless.

12. The deadline for filing a proof of claim in Ms. Dockies' case was June 20, 2013. The deadline for filing a proof of claim serves as bar for a right to file a claim and a bar to distribution of funds from the Chapter 13 Plan.

13. Of the creditors listed above, only CitiFinancial filed a proof of claim.

14. On May 13, 2013, the Bankruptcy Court confirmed Ms. Dockies' Chapter 13 Plan.

15. Ms. Dockies completed her Chapter 13 Plan and the Bankruptcy Court entered a discharge in her case on October 17, 2016.

16. Having righted her economic ship, Ms. Dockies applied for a home loan in

February 2017 and March 2017.

17. Ms. Dockies' loan applications were denied.

18. After the denials, Ms. Dockies reviewed the credit reports on which the lending decision was based and discovered multiple trade lines that were being misreported on her consumer credit reports and which included many debts that had been discharged in Ms. Dockies' Chapter 13 bankruptcy still being reported as due and owing.

19. In particular, Ms. Dockies discovered *inter alia* inaccurate tradelines being reported for CitiFinancial, FCNB Master Trust ("FCNB"), and Verizon Wireless ("Verizon") on her Trans Union consumer credit report. She also discovered *inter alia* an inaccurate tradeline being reported for Verizon Wireless on her Experian credit report.

20. In a letter dated April 10, 2017, Ms. Dockies sent a dispute letter to Trans Union disputing *inter alia* the CitiFinancial, FCNB, and Verizon trade lines and which dispute stated that the disputed debts should be deleted or corrected because the debts and accounts were discharged in Ms. Dockies' bankruptcy.

21. In response to her dispute, Trans Union corrected or deleted all of the disputed inaccurate tradelines.

22. In a letter dated April 10, 2017, Ms. Dockies sent a dispute letter to Experian disputing the Verizon trade lines reported by Experian and which letter stated that the disputed debts should be deleted or corrected because the debts and accounts were discharged in Ms. Dockies' bankruptcy.

23. Experian sent Verizon notice of Ms. Dockies' dispute, which thereby triggered Verizon's duty under 15 U.S.C. § 1681s-2(b) to reinvestigate the negative information it was furnishing to Experian concerning Ms. Dockies.

24. Verizon failed to conduct a reasonable investigation into Ms. Dockies' disputes concerning the negative credit information Verizon was furnishing to Experian and the discharged Verizon debt.

25. Verizon falsely verified the accuracy of the disputed negative credit information to Experian.

26. In response to her dispute, Experian corrected or deleted all of the disputed inaccurate tradelines, except for the Verizon tradeline, which Experian continues to report as follows:



27. In reviewing her credit reports, Ms. Dockies discovered that some of her creditors listed in her Chapter 13 bankruptcy petition had requested copies of her consumer credit reports *after* the Bankruptcy Court entered the discharge in her case.

28. Ms. Dockies' consumer credit reports were replete with sensitive personal information and the unauthorized release of Ms. Dockies' consumer credit reports to these creditors was highly offensive to Ms. Dockies.

29. On April 19, 2017, Southwest Credit Systems, L.P. ("Southwest") requested a copy of Ms. Dockies' Trans Union credit report. Upon information and belief, Southwest requested Ms. Dockies' credit report for purposes of collecting an account or debt discharged in her bankruptcy.

30. On March 2, 2017, Synchrony Bank ("Synchrony") made an inquiry for Ms. Dockies' Trans Union credit report. The inquiry notes that the inquiry was made in connection with an account review of a JC Penney account. Upon information and belief, Synchrony's March 2nd, 2017 inquiry was made for purposes of reviewing an account that was discharged in Ms. Dockies' bankruptcy.

31. On October 18, 2016, Diversified Consultants, Inc. ("Diversified") requested a copy of Ms. Dockies' Trans Union credit report. Upon information and belief, Diversified requested Ms. Dockies' credit report for purposes of collecting an account or debt discharged in her bankruptcy.

On May 18, 2016, Verizon requested a copy of Ms. Dockies' Trans Union credit report for the stated reason of requesting Ms. Dockies' credit report for purposes of collection.

32. At the time of Verizon's request for Ms. Dockies' credit report the automatic stay of Ms Dockies' bankruptcy case prohibited Verizon from engaging in any collection activities toward Ms. Dockies. Further, because it failed to file a proof of claim in Ms. Dockies' bankruptcy case, Verizon had waived any right to collect payment from Ms. Dockies.

## CLAIMS FOR RELIEF

**I.   Claims against Experian Information Solutions, Inc.**

**A.   Violation of 15 U.S.C. § 1681i(1)**

33. Experian Information Solutions, Inc. ("Experian") violated 15 U.S.C. § 1681i(1) by failing to conduct a reasonable investigation of Ms. Dockies' dispute concerning the inaccurate credit information furnished by Verizon.

34. As a result of Experian's failure to conduct a reasonable investigation of Ms. Dockies' dispute, Experian continued to inaccurately report that the Verizon tradeline was a current collection account with a balance due and owing. Ms. Dockies suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress.

35. Experian's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

36. In the alternative, Experian's conduct, actions and inactions were reckless or negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**B.   Violation of 15 U.S.C. § 1681e(2)**

37. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Ms. Dockies and the accuracy of tradelines it published to its users and subscribers. In particular, Experian failed to note in its published reports that some of the tradelines it was reporting had been discharged in Ms. Dockies' bankruptcy.

38. As a result of Experian's failure to conduct a reasonable investigation of Ms.

Dockies' dispute, Ms. Dockies suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress.

39. Experian's conduct, actions and inactions were willful, rendering Experian liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Experian was on clear notice that the failure to update credit information with respect to accounts discharged in bankruptcy was problematic for Experian. Other lawsuits raising the same issue have been filed against Experian in this and other jurisdictions for the same failure.

40. In the alternative, Experian's conduct, actions and inactions were reckless or negligent rendering Experian liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## II.     Claims against Trans Union, LLC

41. Trans Union, LLC ("Trans Union") violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Ms. Dockies and the accuracy of tradelines it published to its users and subscribers. In particular, Trans Union failed to note in its published reports that some of the tradelines it was reporting had been discharged in Ms. Dockies' bankruptcy.

42. As a result of Trans Union's failure to conduct a reasonable investigation of Ms. Dockies' dispute, Ms. Dockies suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress.

43. Trans Union's conduct, actions and inactions were willful, rendering Trans Union liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Trans Union was on clear notice that the failure to update credit information with respect to accounts discharged in bankruptcy was problematic for Trans Union. Other lawsuits raising the same issue have been filed against Trans Union in this and other jurisdictions for the same failure.

44. In the alternative, Trans Union's conduct, actions and inactions were reckless or negligent rendering Trans Union liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## III.    Claims against GTE Wireless, Inc. as a general partner of Verizon Wireless

45. Verizon Wireless ("Verizon") violated 15 U.S.C. § 1681s-2(b). After being informed by Experian that Ms. Dockies disputed the accuracy of the information it was

providing concerning Ms. Dockies and the discharged Verizon account, Verizon willfully failed to conduct a proper investigation of Ms. Dockies' disputes filed with Experian that Verizon was furnishing false negative credit information about Ms. Dockies and the discharged Verizon account.

46. Verizon willfully failed to review all relevant information purportedly provided by Experian to Verizon in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

47. Verizon willfully failed to direct Experian to delete inaccurate information about Ms. Dockies pertaining to the discharged Verizon account as required by 15 U.S.C. §1681s-2(b)(C).

48. As a result of Verizon's failure to conduct a reasonable investigation of Ms. Dockies' dispute, Ms. Dockies suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress.

49. Ms. Dockies has a private right of action to assert claims against Verizon arising under 15 U.S.C. §1681s-2(b).

50. Verizon is liable to Ms. Dockies for the actual damages she has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

51. In the alternative, Verizon's conduct, actions and inactions were reckless or negligent rendering Verizon liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

IV. **Impermissible Pull Claims against Diversified Consultants, Inc., Verizon Wireless, Southwest Credit Systems, L.P., and Synchrony Bank**

52. Diversified Consultants, Inc. ("Diversified"), Verizon Wireless ("Verizon"), Southwest Credit Systems, L.P. ("Southwest"), and Synchrony Bank ("Synchrony") each violated the FCRA by requesting Ms. Dockies' consumer credit report from Trans Union without a permissible purpose for doing so.

53. Diversified, Verizon, Southwest, and Synchrony knowingly and intentionally violated the FCRA by requesting Ms. Dockies' consumer report for an impermissible purpose, *i.e.* by requesting Ms. Dockies' consumer credit report in connection with either the collection or review of an account included in Ms. Dockies' bankruptcy. Therefore, Diversified, Verizon,

Southwest, and Synchrony are each liable to Ms. Dockies for statutory damages of $1,000 or the actual damages she has sustained by reason of each's violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

55. Diversified, Verizon, Southwest, and Synchrony's violations were reckless or negligent, and each is liable to Ms. Dockies for actual damages she has sustained by reason of each defendant's violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Phyllis Dockies requests that the Court grant her the following relief:

1. Award Plaintiff the maximum amount of statutory damages under 15 U.S.C. §1681n against each Defendant;

2. Award Plaintiff actual damages against under 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o against each Defendant;

4. Award Plaintiff punitive damages under 15 U.S.C. § 1681n against each Defendant;

5. Award Plaintiff Attorney's fees, litigation expenses and costs;

6. A trial by jury; and

7. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
**J. Hays Lawson**
*Credit Defense Attorneys, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:  (502) 371-2179

      Fax:    (502) 257-7309
james@creditdefenseky.com
hays@creditdefenseky.com

-10-